MARTIN SCHMIEG vs. LARS WOLD AND INGLEBRIGHT WOLD.

It is not error for the trial-court to refuse an instruction embodying only an abstract principle of law, which assumes that its premises are proven facts in the case.

In this case, the complaint set up the sale of hops by sample, an express war-
ranty that the defendants were the growers of the hops, and hence, an
implied warranty of their merchantable quality.

The answer denied the express warranty; admitted defendants to be the
growers of the hops and averred their soundness at the time of delivery.
*Held* that the court properly instructed that the plaintiff, to recover, must
either prove a sale by sample and the inferiority of the bulk to the sam-
ple, or that there was an express warranty of quality, or fraud on the
part of the vendor.

The statement by the judge in charging the jury, that a sale by sample " is
the important point in the cause, the only point in the cause" taken in
connection with other parts of his instruction to the jury, could not
have misled the jury.

Error to the Third District holding terms at Seattle.

*D. P. Jenkins* for plaintiff in error.

*Wm. H. Andrews* and *J. J. McGilvra* for defendants in
error.

Opinion by WINGARD, Associate Justice.

This is a civil action brought to recover damages for an al-
leged breach of a contract of warranty, in the sale of hops by
the Wolds to Schmieg.

The complaint sets up a sale of the hops by sample, and al-
leges an express warranty as to the quality of the same, and
that the vendors were growers of the hops, and hence there was
an implied warranty that they were merchantable.

The defendant, below, answers and denies a sale by sample,
and that there was an express warranty, and alleges that the
sale and purchase of the hops was on inspection, and not by
sample, and the defendants, Wold, admit that they were the
growers of the hops, and aver that the same were sound and
good at the time of the sale and delivery.

Here, then, were the issues to be determined by the jury,
from the evidence, and under the instruction of the court as to
the law of the case.

The jury found a verdict of $50 dollars for plaintiff, and af-
ter a motion for a new trial, which was refused by the lower
court, the cause is brought here for examination, on eight as-
signments of error.

The first and second errors are abandoned, and whether insisted upon or not, we see no error in the court in suppressing the interrogations 13 and 14, and the answers in the deposition of witness, Neis, which is assigned for the third error.

The fourth error, that the court refused to give to the jury the third instruction asked for by plaintiff, we think is not well assigned, as said instruction is an abstract proposition and assumes that its premises are found in the facts proven in this case.

The court below gave to the jury the third instruction asked for by defendants, " that in order to entitle the plaintiff to recover, he must show, either a sale by sample, and that the bulk did not correspond with the sample, or that there was an express warranty of quality or fraud on the part of the vendor," and the giving of this instruction is assigned for the fifth error, but we think it was properly given.

We can not say that the court erred in stating in the charge to the jury as follows:   " It is claimed in this case that there is a sale by sample, (that is the important point in this case, the only point in the cause)" because taken with what follows in the charge, and particularly that portion of the charge which is made in the seventh assignment of error, we think the jury could not have been misled as to the scope of their investigation.

There was much evidence in the case, and much which demanded reconciliation and discrimination, and whether the verdict was just or unjust, we find no error in the " overruling of the plaintiff's motion for a new trial.".

Let the judgment of the District court be affirmed.